UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BROADCAST MUSIC, INC., *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | No. 1:07-CV-78 |
| v. | ) | |
| | ) | Collier/Lee |
| WHEELS, INC. d/b/a WHEELS/THE | ) | |
| OTHER SIDE, and HAROLD HICKOK, | ) | |
| JR., | ) | |
| | ) | |
| *Defendants*. | ) | |

**REPORT AND RECOMMENDATION**

**I.     Introduction**

Plaintiffs, Broadcast Music, Inc. ("BMI"); George Thorogood d/b/a Del Sound Music; EMI Blackwood Music, Inc.; Kissing Booth Music, Inc.; Totalled, Inc., d/b/a Sushi Too Music; Stephanie Nicks, an individual, d/b/a Welsh Witch Music; Robert Kuykendall, in a partnership d/b/a as Cyanide Publishing; Bret M. Sychak, in a partnership d/b/a Cyanide Publishing; Richard A. Ream, in a partnership doing business as Cyanide Publishing; Songs of Universal, Inc.; EMI Virgin Songs, Inc. d/b/a EMI Longitude Music; Warner-Tamerlane Publishing Corp.; Gregmark Music, Inc.; Bernita Walker-Moss, an individual doing business as Lord and Walker Publishing, Embassy Music Corporation; Sony/ATV Songs LLC; The Bernard Edwards Company, LLC; Jay-Boy Music Corp.; John M. McCrea, an individual d/b/a Stamen Music; Dwight Frye Music Inc.; David Hodges, an individual doing business as Forthefallen Publishing; Amy Lee, in a partnership doing business as Zombies Ate My Publishing; Ben Woody, in a partnership doing business as Zombies Ate My Publishing; Charles Edward Hugo d/b/a Raynchaser Music; Pharrell L. Williams, an individual doing business as Waters of Nazareth Publishing; Hidden Pun Music, Inc.; and Bruce Johannesson,

in a partnership d/b/a as Cyanide Publishing (collectively the "Plaintiffs"), filed a motion for entry of a default judgment against Defendant Wheels, Inc. d/b/a Wheels/The Other Side ("Wheels") pursuant to Fed. R. Civ. P. 55 [Doc. 11]. No response to Plaintiffs' motion has been filed by Wheels. Plaintiffs' motion has been referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 13].

For the reasons set forth herein, I **RECOMMEND** that Plaintiffs' motion for a default judgment against Wheels [Doc. 11] be **DISMISSED WITHOUT PREJUDICE**.

## II. Background

Plaintiffs filed this action against Defendants Wheels and Harold Hickok, Jr. ("Hickok") on April 16, 2007, seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.* [Doc. 1 at 1, 5]. Plaintiff, BMI, is a corporation which has been granted the right to license the public performance rights to approximately 6.5 million copyrighted musical compositions (the "BMI repertoire") [*id.* at 2]. The BMI repertoire includes the copyrighted musical compositions which are the subject of this action and which are alleged to have been infringed. *Id.* The other Plaintiffs are the owners of the copyrights of the musical compositions which are the subject of this action [*id.*].

Wheels operates a business known as Wheels/The Other Side, which performs musical compositions and/or causes musical compositions to be performed [*id.* at 3]. Plaintiffs allege Hickok is an officer of Wheels, with responsibility for the operation and management of the corporation, and with the right and ability to supervise the activities of Wheels [*id.*].

Plaintiffs allege 14 claims of copyright infringement based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire [*id.*]. Attached to Plaintiffs'

complaint, and incorporated by reference into the complaint, is a Schedule containing information on the 14 claims of copyright infringement alleged against Defendants [*id.* at 4]. Specifically, Plaintiffs contend Defendants performed and/or caused the musical compositions to be publicly performed without a license or permission to do so [*id.* at 5].

Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c), costs, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505, and an injunction pursuant to 17 U.S.C. § 502 [*id.* at 5-6]. Injunctive relief is sought on the ground that unless Defendants, their agents, servants, employees, and all persons acting under their permission and authority are enjoined and restrained from infringing copyrighted musical compositions licensed by BMI, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law [*id.* at 5-6].

On July 23, 2007, prior to the time Plaintiffs filed their motion for a default against Wheels, Hickok filed a plea of bankruptcy, stating he initiated a chapter 13 proceeding on July 13, 2007, filed as case number 07-12772 in the United States Bankruptcy Court for the Eastern District of Tennessee, Southern Division." [Doc. 7]. On August 29, 2007, the Court entered an order recognizing Hickok had filed for bankruptcy and that this action "is automatically stayed as to him pursuant to 11 U.S.C. § 362(a)." [Doc. 8].[1] The same order required Plaintiffs to show cause as to why they had not moved for entry of default as to Wheels because Wheels had waived service but had not timely responded to Plaintiffs' complaint [*id.*].

---

[1] The electronic docket sheet for Hickok's chapter 13 bankruptcy, *In re Harold Lee Hickok, Jr.*, Case No. 1:07-bk012772 (Bankr. E.D. Tenn.), was still active as of January 11, 2008, and indicates the chapter 13 plan was approved on September 7, 2007. Assuming Hickok continues to make timely payments pursuant to his chapter 13 plan, this action may remain stayed as to Hickok for a considerable period of time. No information regarding the bankruptcy has been provided in connection with the motion and thus further information is unknown.

3

Thereafter, Plaintiffs filed a motion for entry of default against Wheels on August 31, 2007 [Doc. 9]. Pursuant to Fed. R. Civ. P. 55(a), a default was entered by the clerk against Wheels on September 14, 2007 [Doc. 10]. Plaintiffs' motion for a default judgment against Wheels was filed on October 12, 2007 [Doc. 11].

## III.   Analysis

The Supreme Court first addressed default judgments in the context of multi-defendant lawsuits in *Frow v. De La Vega*, 82 U.S. 552 (1872). In *Frow*, the complaint alleged a conspiracy by Frow and twelve others to defraud the plaintiff of title to a tract of land. Frow did not appear and the court granted default judgment against him. After the other defendants successfully defended the lawsuit, Frow petitioned the court to vacate the default judgment entered against him on the basis that it was inconsistent with the judgment on the merits against the other defendants. The trial court declined to vacate the judgment. On appeal, the Supreme Court described the inconsistent result as "unseemly and absurd, as well as unauthorized by law." *Id.* at 554. The Supreme Court held:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Id.* Although in *Frow*, the Supreme Court discussed joint liability, several other courts, including district courts within the Sixth Circuit, have declined to apply *Frow* where liability is joint and

several finding the *Frow* rule will apply "in situations in which several defendants have closely related defenses." *Nautilus Ins. Co. v. I.L.S. General Contractors, Inc.*, 369 F. Supp. 2d 906, 908-09 (E.D. Mich. 2005); *accord Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305-06 (N.D. Ohio 2004).

In *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 434 (E.D. Va. 2006), and in light of the Supreme Court's decision in *Frow*, the court stated that under Rule 54(b)[2] a default judgment against one defendant when multiple defendants are involved in an action, should not be granted if there was a possibility of inconsistent judgments from the answering defendants' success on the merits and the other defendant's default. In *Jefferson*, the court held the possibility of inconsistent judgments provided a "just reason for delay" in the issuance of a default judgment under Rule 54(b). *Id.*

The court in *Jefferson,* like the court in *Nautilus,* also noted "many jurisdictions have narrowly construed *Frow* to bar entry of a default judgment against one of several defendants only if the theory for recovery is one of true joint liability." *Id.* at 434-35 n.6. The court found the Fourth

---

[2]Fed. R. Civ. P. 54(b) states:
> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

5

Circuit had held the rule of *Frow* applied not only to actions where the theory was one of joint liability, but also applied to those actions where the theory was one of joint and several liability. *Id.* at 435 (citing *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967)).

In *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1006-07 (N.D. Cal. 2001), the court set forth a detailed discussion of the differences between the courts on the issue of a default judgment against one defendant in an action involving multiple defendants. *Id.* The *Kuei* court then engaged in a lengthy analysis of the two lines of cases which have developed since *Frow* and stated:

> [T]hese two lines of cases are not at odds but reflect a more general principle. *Frow's* applicability turns not on labels such as "joint liability" or "joint and several liability," but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform. Where *Frow* applies, it would be an abuse of discretion to enter a default judgment against some but not all defendants prior to adjudication of the claims against answering defendants. Under these circumstances, there is, as a matter of law, "just reason for delay" of entry of judgment under Rule 54(b).

*Id.* at 1008 (internal citations omitted). In *Kuei*, the court further held that under *Frow* "where uniformity of liability is not logically required by the facts and theories of the case, the risk of inconsistent judgments" does not bar entry of a default judgment and a court retains the discretion to enter a judgment against less than all defendants under Rule 54(b). *Id.* at 1008-09.

Plaintiff did not address the *Frow* rule or Rule 54(b) in their motion for a default judgment. It does not appear the Sixth Circuit has squarely addressed the issue of which of the two lines of cases mentioned above it would follow. However, the Sixth Circuit has held in an action with multiple defendants that there is no rule requiring a plaintiff to pursue a default judgment against

6

some of the defendants before the case is resolved with other defendants. *Kemp v. Robinson*, No. 06-2254, 2007 WL 4561518, * 5 (6th Cir. Dec. 27, 2007). The Sixth Circuit also noted there is no rule "mandating a plaintiff to pursue a default judgment as soon as the clerk enters a default." *Id.*

In *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327 (W.D. Mich 2000), the court stated:

> When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.

*Id.* at 330 (quoting *Exquisite Form Ind., Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (S.D.N.Y. 1974)). The court in *Northland* also stated that the action before it should be reviewed as a single unit and the entry of a default judgment prior to the trial involving the non-defaulting defendants would be improper. *Id.* (citing *Federal Deposit Ins. Corp. v. Tripati*, 769 F.2d 507, 508 (8th Cir. 1985)). "When a default judgment is sought against one of several co-defendants . . . the court may enter a default judgment 'only upon an express determination that there is no just reason for delay and upon an express direction for the entry of such judgment.'" *United States v. Tschoe*, No. Civ.A.98-M-1522, 1999 WL 424883, * 2 (D. Colo. Apr. 27, 1999) (quoting Fed. R. Civ. P. 54(b)).

It appears a just reason for delay is present in this case. The allegations in Plaintiffs' complaint lead to the conclusion the Court should delay the entry of a default judgment against Wheels until the stay of this action against Hickok is lifted due to the possibility of inconsistent or non-uniform judgments in the event there is a trial of this matter concerning Plaintiffs' claims against Hickok. Such allegations include that: (1) Hickok is an officer of Wheels with primary responsibility for the operation and management of Wheels and its establishment known as

7

"Wheels/The Other Side," (2) Hickok has the right and ability to supervise Wheel's activities, (3) Hickok has a direct financial interest in Wheels and the establishment known as Wheels/The Other Side, (4) Defendants engaged in copyright infringement, and (5) the injunctive relief sought by Plaintiffs against Wheels would appear to apply to and be binding on Hickok as well as Wheels. Withholding a default judgment in this case will avoid a "premature entry of default judgment against one defendant [which] risks unavoidable inconsistency with a later judgment concerning the other defendant in the same action." *Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 583 (E.D. Va. 2000).

I **CONCLUDE** that while the entry of judgement against Wheels will stand, the motion for default judgment should de denied without prejudice pending the outcome of this case against Hickok.

## IV. Conclusion

For the reasons set forth above, I **RECOMMEND**[3] Plaintiffs' motion for a default judgment against Wheels [Doc. 11] be **DISMISSED WITHOUT PREJUDICE** to Plaintiffs' right to refile their motion for a default judgment against Wheels at an appropriate time.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).